The proprietor of a ground rent in fee who obtains a judgment in covenant for the arrears, and sells the land, is entitled to be paid the whole of the rent in arrear out of the proceeds, in preference to older judgments; but inasmuch as he resorts to the land for payment, he cannot have interest upon the arrears.

*Qu.* Whether interest on rent is recoverable in any case.

## BANTLEON *against* SMITH.

IN this case *Hopkinson* moved to take out of court the plaintiff's debt, interest, and costs, upon the following facts:

On the first of *April* 1797 the plaintiff conveyed to the defendant a lot of ground, reserving an annual rent of sixty dollars forever, payable half yearly, with power to enter and distrain, and for want of sufficient distress to hold the land *until the arrearages should be fully paid.* The deed also contained a covenant by the grantee to pay the rent; and the rent being in arrear, the plaintiff brought the present action of covenant, and obtained a judgment, upon which the above mentioned lot was taken in execution and sold, and the proceeds were brought into court. There were several judgments prior to the plaintiff's, sufficient to absorb the proceeds of sale; but a priority was claimed by the plaintiff to the amount of his rent in arrear, with interest from the expiration of each half year.

*Hopkinson* and *Rawle* for the plaintiff. The land itself having been liable in the first instance for our arrears of rent, we are entitled to the same priority out of the proceeds of the land. It is analogous to the case of a bond and mortgage, in which an execution and sale under the bond, have never been supposed to extinguish the plaintiff's lien. A factor to whom his principal is indebted the balance of an account, would not lose his lien upon the goods in his hands, by obtaining a judgment; nor would the vendor of an estate be placed upon the footing of a common creditor, by obtaining a judgment for the purchase money, which is precisely our case, for the rent was the consideration of the grant. The plaintiff has three remedies, distress, entry, and covenant; and he may use them all until he obtains a complete satisfaction. The remedy by distress, or by entry for want of distress, is not affected by the judgment in covenant; for although by the judgment the plaintiff is invested with a new remedy by debt or *scire facias*, yet it is still a debt for the arrears of rent to which distress and entry are incident, and so long as it preserves this character, it cannot be denied that he has a lien upon the land and its proceeds. The judgment may alter the security, but it is no satisfaction, and nothing but satisfaction of the rent discharges the land. The opinion of the King's Bench in *Drake* v. *Mitchell* (a) is in point. In that case the plaintiff had a remedy by covenant against three, and he took a bill of exchange for a part of the debt from one, which he pursued to judgment, and this was said to extinguish the remedy by covenant. But the whole court held, that a judgment recovered in any form of action is still but a security for the original cause of action, until it be made productive in satisfaction to the party; and therefore till then it cannot operate to change any other collateral concurrent remedy which the party may have. The judgment is no extinguishment of the original security, unless it produce the fruit of a judgment. The plaintiff's rights are therefore the same, as they would have been if he had obtained no judgment himself, but the land had been sold under the judgment of another; and in such a case there can be no doubt that his lien would still continue, and he would be en-

1809.

BANTLEON
*v.*
SMITH.

(a) 3 *East* 258.

titled to prior satisfaction out of the proceeds. The case of *Potts* v. *Rhodes* (a) in the Common Pleas of *Philadelphia*, is an express authority for the plaintiff's right to the principal of his rent.

The right to interest depends upon the general rule of law, that the failure to pay an ascertained debt when due, entitles the creditor to interest, either as damages for the delay, or as compensation for the use. Interest is due on all liquidated sums, from the instant the principal becomes due and payable. *Blaney* v. *Hendricks* (b). So upon a covenant to pay a sum certain. *Treatise on Equity* 118. It is peculiarly the case as to debts arising out of lands which produce a profit. Thus a legacy charged upon lands, carries interest from the testator's death. *Maxwell* v. *Wettenhall* (c), *Incledon* v. *Northcote* (d); and a legacy payable out of a rent-charge, *Stonehouse* v. *Evelyn* (e). So the arrears of an annuity charged upon land, which is the same as a rent. *Litton* v. *Litton* (f), *Newman* v. *Auling* (g). And in *Ferrers* v. *Ferrers* (h) Lord Chancellor *Talbot* states the rule to be, that the arrears of an annuity or rent-charge are never decreed to be paid with interest, *except* where the sum is certain and fixed; and also where there is a clause of entry, or some penalty upon the grantor which he must undergo if the grantee sued at law, and which would oblige him to go into equity for relief. Here are both the sum certain, and the penalty of holding possession until full satisfaction, which would include both principal and interest.

*Sergeant* and *Levy* for the judgment creditors. We do not contend that rent hereafter accruing is not chargeable

(a) In this case a judgment was obtained in covenant by the proprietor of the rent-charge, and the proceeds of sale of the land being in the sheriff's hands, a rule was granted to shew cause why they should not be paid to the mortgagee of the covenantor. After argument, the following order was made by President *Biddle*. " *Nov.* 19, 1791. It is adjudged and ordered that the sheriff pay out of the consideration money arising from the " sale of the premises, all arrearages of the rent-charge due and unpaid for " the same, as well such as accrued before the judgment in covenant as " after, and that the remainder of the consideration money, if any, go to- " wards the discharge of the mortgage."

(b) 2 *W. Black.* 761.     (e) 3 *P. Wms.* 253.       (h) *Cases temp. Talbot* 2,
(c) 2 *P. Wms.* 26.        (f) 1 *P. Wms.* 543.
(d) 3 *Atk.* 438.         (g) 3 *Atk.* 579.

upon the land, but that the plaintiff has elected a personal remedy, and pursued it to judgment, by which his lien for the arrears is destroyed. The remedies given by the deed are not cumulative as is argued, but they are alternative. The plaintiff may distrain; for want of distress he may enter and hold; or he may resort to the person of the lessee, if he declines the other course. But he cannot enter if there is a sufficient distress, nor can he pursue the covenant to judgment, and then distrain for its satisfaction. The lien of a landlord for his arrears, is founded exclusively upon his right to distrain and for want of distress to re-enter; and if this right is gone, he stands upon the footing of a common creditor. The transfer of the land to a third person does not affect the lien, because the arrears are still rent, to which distress and re-entry are incident; but if the rent is extinguished, the right to distrain, which is dependent upon it, is extinguished also, and with them ceases the lien. Now it is hardly to be questioned that the particular cause of action for which judgment is obtained, is merged in the judgment. By a judgment upon a bond, in Lord *Coke's* phrase, the bond is damned. *Higgins's case* (a). By a judgment in a writ of annuity, the remedy by this writ is taken away, and the annuitant is for ever confined to a *scire facias* upon the judgment. *Ib.* And the reasons for this principle of law are no less politic than sound; the debt having assumed a higher character, it is best for the plaintiff that the inferior debt should be merged, and it is best for the defendant, because it saves him from the vexation of a new action and a new judgment. The cause of action in this suit was the rent in arrear; it was a debt by specialty, which has been converted into a debt of record; it is no longer a rent to be levied by distress, but it is a judgment to be levied by execution, and takes its rank among other judgments solely from its date. The case of *Drake* v. *Mitchell*, when properly explained, confirms this argument. *Lord Ellenborough* there says, " I " have always understood the principle of *transit in rem* " *judicatam* to relate only to the *particular cause of action* in " which the judgment is recovered;" and that is all we ask, because here there was no cause of action but the rent. In

1809.

BANTLEON
v.
SMITH.

(a) 6 *Co.* 44 b.

that case the plaintiff had two causes of action, a covenant by three to pay an entire sum, and a bill of exchange from one for part; and the judgment on the bill, of course did not extinguish the covenant. Here there was but one cause of action, and it is the conversion of that into a judgment, which takes away the remedy that was incident to it while a rent. It cannot be denied that in an action of debt for the rent, the defendant might plead this judgment in bar. 1 *Ro. Abr.* 353. Suppose a distress and replevin, he might plead in bar to an avowry for the rent, precisely as in bar to debt. 5 *Com. Dig. Pleader*, 3 *K.* 20. It follows therefore that the distress is gone. The authority of *Lyttleton* is decisive, that if the grantee of a rent-charge recovers by a writ of annuity, which is analogous to an action of debt, the land is discharged of the distress. *Litt. Sec.* 219. *Fitz. N. B.* 152. He makes his election of the personal remedy, and if he goes no further than to appear and count, still his election is determined, and he cannot distrain. *Co. Litt.* 145 *a.*

Interest in a case of this kind does not follow the general rule, for two reasons; first, because rent itself is interest, and secondly because it is the landlord's duty to make his demand on the land, and he has in his own hands the means of preventing delay. The common practice in equity is not to allow interest on arrears of rents, profits, or annuities; 2 *Dall.* 105, *note;* it is done only in certain excepted cases, where the arrears are great, or where such funds are assigned for the maintenance of children or widows, or as portions. *Mickelthwaite* v. *Boatman* (a), *Batten* v. *Earnley* (b). If the tenant forfeits his estate at law, and the landlord exercises his right of entry, the tenant by being forced to ask equity may be laid under terms; so is the opinion of Lord *Talbot* in *Ferrers* v. *Ferrers.* But in this case there was no penalty; the entry was to hold until payment of the rent, on which event the possessory right of the tenant would revive, and he could regain the land without the aid of equity.

*In reply* it was said that the doctrine of annuities was wholly inapplicable to a rent reserved, for in such a case the writ of annuity does not lie. *Co. Litt.* 144 *a.* 1 *Ro. Abr.* 256.

----

(a) 1 *Chan. Rep.* 184.          (b) 2 *P. Wms.* 163.

It is a personal remedy to recover a rent-charge which a man grants out of his own lands; and so distinct is this rent from a rent reserved, that after judgment in the writ of annuity, the grantee can never resort to the land even for the subsequent rent. If this argument therefore has any weight, it annihilates our rent, and even our personal remedy hereafter; because we cannot like the annuitant have a *scire facias* upon our judgment, for what shall hereafter accrue. The doctrine from *Comyns* is not correctly taken. *Rolle* does not say that the judgment, but that the *recovery*, in covenant may be pleaded in bar to debt; which is the distinction in *Drake* v. *Mitchell;* and the several bars to an avowry which are mentioned by *Comyns*, shew that he also intends an actual satisfaction or what is tantamount; as *non demisit, nil habuit in tenementis, nothing in arrear.*

TILGHMAN C. J. delivered the court's opinion.

The plaintiff in this suit, by indenture between him and the defendant, granted to the defendant a parcel of land in fee, out of which he reserved an annual rent-charge of sixty dollars. The deed contained a power to the grantor to reenter in case of non-payment of the rent, and to hold the land till the arrears of rent were discharged. It also contained a covenant on the part of the defendant to pay the rent. The plaintiff brought an action of covenant for non-payment of the rent, and obtained a judgment on which an execution issued, by virtue whereof the land was sold, and the money proceeding from the sale brought into court by the sheriff. This money is claimed by creditors of the defendant who obtained judgment prior to the plaintiff.

Two questions have been brought before the court. 1st, Whether the plaintiff shall be allowed to receive, out of the money, the amount of the arrears of rent. 2d, Whether he shall receive the interest on the rent.

The defendant's counsel have endeavoured to prove by a very subtle argument, that in consequence of the plaintiff's judgment, the land was totally discharged of the rent. If the law be so, it is incumbent on the defendant to prove it by clear authority; for it is a doctrine which bears very hard upon all persons who hold rent-charges. Cases were cited to shew that a writ of annuity lies for arrears of a rent-charge,

1809.

BANTLEON
*v.*
SMITH.

and that after judgment obtained in a writ of annuity, the land is discharged and a distress cannot be made. Upon examining these cases, and those cited on the same subject by the plaintiff's counsel, it will appear that the rent-charge there spoken of was not of the nature of the rent now in question. It was the case of a man who granted to another and his heirs, a yearly sum of money, and charged it on his land, with power to the grantee to distrain. In such cases, the law gives to the grantee of the rent an election either to charge the person of the grantor by a writ of annuity, or to have recourse to the land by distress. Having made his election by recovering judgment in a writ of annuity, the land is discharged, and his remedy is personal only. If there shall be new arrears after the judgment in annuity, a *scire facias* must be sued out on the judgment. But the law is not so in a case like the present, where the grantor in the indenture grants the land itself, reserving a rent; for there no writ of annuity lies. There is no analogy therefore between the two cases.

The defendant next resorted to another argument. The rent, says he, is *extinguished* by the judgment. To prove this, was cited 6 *Co.* 45, *Higgins's case*, where it is said that an action of debt will not lie on a bond on which judgment has been obtained. Certainly it will not; and why? Because the *bond debt* is merged in the judgment, which is a debt of *record.* The obligee in the bond loses nothing by this; for although the bond is extinct, the *debt* is not. On the contrary, it has become a debt of a superior nature, which may be recovered by a *scire facias* or action of debt on the judgment. So by virtue of the judgment in the case before us, the rent recovered is no longer a debt of specialty on which an action of covenant lies, but a debt of record. But the rent still exists, or in other words there still exists a debt on account of the arrears of rent. *Higgins's* case only proves, that the remedy for those arrears by action of covenant is gone, but it does not prove that the rent is extinct, or the land discharged. The defendant's counsel cited 5 *Com. Dig. Pleader* 3 *K.* 20, where the law is thus laid down. " In bar to an avowry for " rent, the defendant in replevin may plead in bar, as in debt " for rent." After this general position, for which we have only the authority of *Comyns,* he goes on to give examples

of pleas which may be put in, *nil habuit in tenementis, non demisit, nothing in arrear*. Now all those pleas go to prove that no *rent*, no *debt* of *any kind*, is due; and if the author's meaning be taken in this restrained sense, his principle is undoubtedly true; for nothing is plainer than that a man cannot distrain for rent where no rent is due. But if it be contended that the meaning of *Comyns* is that no distress will lie where judgment in an action of debt for the rent has been obtained, without any satisfaction, I can only say that he has cited no authority to support his assertion. In the common case of a mortgage and bond for the same debt, I have never heard it doubted that an ejectment would lie for the land after judgment had been obtained on the bond, provided the money was not paid; and if the deed of mortgage contained a covenant of the mortgagor to pay the debt, I see no reason why an ejectment should not lie after judgment in an action of covenant. This is not unlike the case of rent, where a double remedy is given for a recovery of the same debt, one against the person of the debtor, and one against the land.

If therefore this matter rested solely on the reason of the thing, and the cases cited on the part of the defendant, I should incline to the opinion that the land remained charged with the rent. But the plaintiff's counsel produced a manuscript case of *Potts* v. *Rhoads*, where this very point was decided by the late President *Biddle*, after argument in the Common Pleas in the year 1791. This opinion is entitled to great weight; for Mr. *Biddle* was not only well versed in the principles of the law, but remarkably well acquainted with the practice, having held the office of deputy prothonatary of the Court of Common Pleas many years before the revolution. On the whole, the opinion of this court is that the plaintiff is entitled to receive the arrears of rent.

But shall he have interest on these arrears? The counsel on both sides have gone pretty largely into the argument, whether in general interest is recoverable as damages in an action of debt or covenant for rent. The court mean to confine their opinion to the case before them; and they think the plaintiff is not entitled to interest, because as to the present question he seeks his remedy by resorting to the land only. If a man distrain for rent, he must distrain for the

*margin:* 1809.

BANTLEON
v.
SMITH.

1809.

BANTLEON
v.
SMITH.

precise sum due. He cannot add interest·to the arrears. If the plaintiff had entered on the land by virtue of the power in this deed, he could only have held till the arrears were· paid. We do not say how the case would be, if the deed gave him power to enter and hold as of his former estate; for in that case his former estate in fee being revested in law, the defendant would be driven to equity for relief, and in equity it might be thought reasonable to relieve on terms of paying interest. The defendant's counsel cited cases to that point. With respect to the recovery of interest in general in personal actions for rent, the court desire that no inference may be drawn from their present decision. The late proprietaries of *Pennsylvania* were in the habit of receiving the arrears of their rents without interest. With respect to those rents, the law has been taken for granted that interest was not recoverable. Hence many persons have supposed that in no instance can interest on rent be recoverable. When the point is brought forward, the court will decide it; at present they only declare that they consider it as fully open to dis-· cussion.