1813.

Philadelphia,
Monday,
July 12.

GORDON *against* CORREY.

A ground land lord does not lose his lien for the rent due, by taking a bond and warrant of attorney for the arrears, and entering up judgment.

*ISAAC W. Morris*, by deed dated the 26th of *December* 1796, granted a lot of ground to the defendant, subject to a rent charge of 37 dollars 33 cents per annum. The deed contained the usual covenant for payment, and the reservation of a right to distrain, or to enter for non-payment. On the first of *January* 1805, he obtained from *Correy* a bond and warrant of attorney for 205 dollars 31 cents, arrears of ground rent, and entered up judgment on the 11th of *February* 1805.

On the 11th of *January* 1804, *Gordon* entered a judgment against the defendant, upon a bond and warrant dated the 10th of *January* 1804, on which the premises were sold by the sheriff.

The money, it was agreed by a case which stated the above facts, should be considered in court; and the question was, whether *Morris* had lost his right to a preference by taking the bond, and entering up judgment. If he had, the executors of the plaintiff, who was the oldest judgment creditor, were entitled to the money.

The question was argued upon a motion by *Morris* to take the money out of court, the parties to settle the amount, if the Court should think he was entitled, and *Armstrong*, the attorney of *Gordon's* executors, to pay it, he having the balance, after paying other incumbrances, in his hands.

*Hallowell* in support of the motion. The case is decided by *Bantleon* v. *Smith* (*a*); and it is not of the least importance to *Gordon's* executors, because as he purchased the property at sheriff's sale, if the proceeds of sale do not pay the arrears, the ground must.

*Armstrong* for the executors of *Gordon*. In *Bantleon* v. *Smith*, the landlord merely brought an action of covenant, which was one of his remedies. Here he voluntarily took a bond, which extinguished the arrears of rent. *Higgins's Case* (*b*). It is material to *Gordon's* executors, because if the

(*a*) 2 *Binn.* 146.          (*b*) 6 *Co.* 45.

land pays, it does not pay interest on the judgment, but the simple arrears.

TILGHMAN C. J. The point on which this case turns, was decided by this Court in *Bantleon* v. *Smith*, 2 *Binn.* 146. Notwithstanding a bond and judgment, a debt still remains due on account of rent, to which the land is subject. The balance, therefore, in the hands of Mr. *Armstrong*, is to be applied, not to the payment of *Isaac W. Morris's* judgment, for that is younger than the plaintiff's judgment, but to the payment of the rent due to *Morris*.

YEATES J. Whether the motion made in behalf of the ground landlord in this case, that he should be allowed to take out of court the money paid in by the sheriff, should prevail or not, depends on the question, whether he has waived his paramount right as the grantor of the lands, by entering up a judgment subsequent to that, wherein the premises were sold by the sheriff.

The case of *Bantleon* v. *Smith*, 2 *Binn.* 146, establishes the doctrine, that where the ground landlord has brought an action of covenant for his rent, and obtained judgment thereon, it does not extinguish his right of rent. I can see no good ground of distinction between the two cases. If there is any difference, it would seem to be in favour of the present claimant, to whom a voluntary confession of judgment, not in an adverse suit, would appear to be intended as an additional security for his demand. At all events, I think the principle already settled must govern our decision here.

It appeared to me singular on the argument, that *Gordon*, (who was admitted to have purchased at the sheriff's sale,) or his personal representatives, should contest the present question. It is certainly more advantageous to them, to apply the monies arising from the sale, in payment of the arrears of the rent charge, than to pay the money over to others, and permit those arrears to remain an incumbrance on the house and lot of ground, which *Gordon* had thus purchased.

I am of opinion, that the motion made for *Isaac W. Morris*, to take the money out of court, should be granted.

BRACKENRIDGE J. concurred.

Motion allowed.