# Commissioners of Spring Garden's Appeal.

A judicial sale devests all liens definite and certain in their amount.

Therefore the lien of the Commissioners of Spring Garden for curbing and paving in 1836 and 1837 under the Act of 3d March 1818, is devested by a subsequent sheriff's sale in 1841.

And this is the case though the property be sold subject to the ground-rent then existing and created before such lien.

*Quære*, if the contest were between the owner of the ground-rent and the commissioners as to the appropriation of the proceeds of sale, to whom the money would go.

*Quære*, whether a different case would not be presented if the claim of the commissioners had been filed of record under the Act of 16th April 1840; and whether the whole estate, ground-rent and all, does not pass to the sheriff's vendee by a judicial sale in pursuance of the provisions of that Act.

THIS was an appeal by the Commissioners of The District of Spring Garden from the decree of the District Court for the city and county of *Philadelphia,* confirming the following report of an auditor, awarding the proceeds of sheriff's sale of the real estate of Peter V. Weaver, to John H. Cavender and George Schryer:

"John H. Cavender claims arrears of ground rent as assignee of Barclay Haines, who assigned the real estate, sold under the execution in this case, to the Norristown and Valley Railroad Company, the 9th May 1836, reserving an annual ground-rent of $117.25 to Barclay Haines, his heirs and assigns. Under a writ of *fieri facias,* tested 6th March 1841, Daniel Fitler then High Sheriff of the county of Philadelphia, made sale of the real estate in question, as the land of the Norristown and Valley Railroad Company, to Peter V. Weaver, the defendant in this execution, and conveyed the same to him by deed executed and acknowledged 15th May 1841, subject to the same ground-rent. Afterwards, on the 21st December 1841, Barclay Haines, the original owner of the ground-rent, conveyed the same to John Cavender, who claims as arrears of rent $175.86.

The Commissioners of Spring Garden claim $205.66, including interest and commissions, for paving and curbing in October 1837 and December 1836. This amount they ask to be paid first out of the fund. The validity of this claim as a lien on the property is

denied on two grounds: 1. .That it is barred by the Statute of Limitations. 2. That it was devested by the sheriff's sale to Peter V. Weaver in 1841, several years subsequent to the paving and curbing in question.

As to the first of these objections, that the lien is devested by the operation of the Statute of Limitations, the auditor is of opinion that the statute has no effect upon the lien. In *Knorr* v. *Elliot*, (5 *Serg. & Rawle* 49), the Supreme Court decided that a mechanic's lien did not expire in five years like that of a judgment, inasmuch as the act then in force creating the lien affixed no limit to its existence in point of time. The principle in this case rules this point.

As to the second objection to the claim of the district of Spring Garden, the auditor is of opinion that it *was* devested by the subsequent sheriff's sale. The curbing was done in 1836 and the paving in 1837, while the property was in the possession of the Norristown and Valley Railroad. It was not until 1841 that the property was seized under execution and sold by the sheriff to Weaver. The ground rent under which Cavender claims, was created before the curbing and paving were done by the district, that is on the 9th May 1836. The arrears claimed fell due May 1 and November 1, 1842, and May 1, 1843. The Act of 3d March 1818, provides that the real estate in the district of Spring Garden shall be subject to payment of debts thereafter contracted by the commissioners of the district for work done or materials furnished for or in pitching, curbing and paving any street, &c. in front of said real estate, before any lien thereafter created. It follows then that until the sheriff's sale in 1841 the lien of the commissioners had preference over the ground rent, though the rent was created before the paving and curbing were done.

Then the question follows, whether the sheriff's sale in 1841 subject to the ground rent devested the lien of the district. This will be considered, first as a general question, and secondly under the circumstances of this case. A long series of decisions in the courts of Pennsylvania establishes the general rule that a sale under execution by the sheriff devests all liens definite and certain in their amount, and that the lien creditor who omits to claim out of the proceeds of sale loses his resort to the land. *Custer* v. *Detterer*, (3 *Watts & Serg.* 28). The question then arises whether the Acts of 3d March 1818 and 16th April 1840, which latter provides for the filing in the District Court and Common Pleas all claims due the commissioners and inhabitants of the incorporated districts of the county of Philadelphia for paving, curbing, &c., preserve the lien notwithstanding a subsequent sale under execution. The Act of 3d March 1818, simply gives the lien, but is silent as to its duration. The Act of 1840, after providing for the filing of the claim on record, proceeds to say " which said claim shall remain a lien from the time the debt was contracted and

became due &c. until the same be fully paid and satisfied." The object of the 9th and 10th sections of the Act of 1840, was mainly to give the district a mode of enforcing the payment of their claim. But it was evidently also the intention of the Legislature, in accordance with their uniform policy, to place all liens upon real estate on record, that purchasers may have it in their power to ascertain clearly what incumbrances are binding on the property they are about to purchase. The clause declaring that the claim shall remain a lien upon the land until fully paid, refers to claims filed of record. The claim made before the auditor has not been filed of record anywhere, and must be governed by the Act of 1818, which is silent as to the duration of the lien.

But if it were otherwise it cannot be supposed that the Legislature, in opposition to the established policy of Pennsylvania to give a clear title to purchasers at sheriff's sale and thus encourage competition, intended to preserve the lien. Notwithstanding the neglect or refusal of the district to make its claim at the proper time upon the proceeds of a former sale, if the Act is to be thus construed, the Legislature has not only not protected the public interests, but holds out an encouragement to the authorities of the districts to neglect their duty. The lien being unlimited in its duration, such a construction would result in great injustice to purchasers at sheriff's sales, who would naturally suppose that the authorities of the district had attended to their duty by making their claim upon the fund raised by a previous sheriff's sale, and not extend their searches beyond that time. The adjudged cases lay down the rule broadly that all liens, except certain ones expressly excepted by the Legislature or former decisions, are devested by a sheriff's sale. The auditor deems himself bound to consider the claim in question governed by the general rule until some express authority is shown to make it an exception.

It was then contended that in this case the sheriff's sale in 1841 was subject to the lien of the ground rent; that the lien of the district was prior to that of the ground rent, and that the second lien not being devested, the first could not be discharged by the sheriff's sale. In point of time the lien of the district was subsequent to the creation of the ground rent. The arrears now claimed have become due not only since the lien of the district accrued, but also since the sheriff's sale in 1841. The auditor does not deem it necessary to go into the question whether a sheriff's sale subject to a second incumbrance is also necessarily subject to a previous one. The ground rent, subject to which the sale was made, was not an incumbrance or lien upon the interest of the Norristown and Valley Railroad, sold by the sheriff. It was a separate estate in the land which the sheriff could not sell under the writ in his hands. The estate or interest of the then defendants was in fact sold subject to no incumbrance whatever.

A further point was made by the counsel for the commissioners

of the district of Spring Garden, that the interest of the Norristown and Valley Railroad was sold in 1841 under proceedings on a lien which was subsequent to the lien of the district, and therefore could not devest that prior lien. The auditor has no difficulty under the decisions of the courts, in deciding against the commissioners on this point."

The auditor awarded to Cavender his arrears of ground rent, and the balance of the fund to George Schryer, the plaintiff in the execution, on account of his judgment. The court below confirmed the report. From their decree the commissioners of Spring Garden now appealed.

*H. M. Phillips*, for the appellant, referred to the Act of the 3d March 1818, (*Pamph. L.* 136), which declares, section 1, " that all real estate within the incorporated district of Spring Garden shall be subject to the payment of the debts hereafter contracted by the commissioners of the said district for or by reason of any work done or materials furnished for or in the pitching, curbing, or paving any road, street, lane, court or alley, in front of said real estate, before any other lien hereafter created : and that the commissioners of the said district be and they are hereby authorized, &c. to collect the said debts, together with interest thereon from the time of assessment, in the like manner as county rates and levies are collected."

He also referred to the Act of 16th April 1840, (*Pamph. L.* 412), which declares, section 9, " that it shall and may be lawful for the commissioners and inhabitants of the district of Southwark, and also for the commissioners and inhabitants of any of the other incorporated districts and townships within the county of Philadelphia, to file of record in the office of the Prothonotary of the Court of Common Pleas for the county of Philadelphia, and also in the office of the Prothonotary of the District Court for the city and county of Philadelphia, all claims and demands due to the said commissioners, &c. for pitching and paving streets and alleys, for digging down, filling up, and for curbing, paving and repairing any footway within the same, &c. &c.;" and section 10, that " the said commissioners, &c. shall in filing their claims for debts contracted as aforesaid, &c., set forth in the same the name of the owner, &c. of the premises, &c. &c., which said claim shall be and remain a lien against the estate from the time when the debt was contracted and became due, &c., and until the same be fully paid and satisfied; and the said commissioners, &c. shall be authorized, &c. at any time after the filing of the claim, to proceed to recover the amount thereof by writ of *scire facias* against the real estate upon which it is a lien, which said writ of *scire facias* shall be served and proceeded upon to judgment and execution, in the same manner as is now provided for by law, for mechanics and material men, in the Act, &c. passed the 16th June 1836, &c."

[Commissioners of Spring Garden's Appeal.]

He also cited *Pennock* v. *Hoover*, (5 *Rawle* 291); *Custer* v. *Detterer*, (3 *Watts & Serg.* 34); Act 19th April 1843.

*St. George Campbell* and *Price*, contra, referred to Act 31st March 1843; *Wilson* v. *Stoxe*, (10 *Watts* 436)

The opinion of the Court was delivered by

Rogers, J.—We think the decree of the District Court should be affirmed for the reasons given by the auditor. It is a general rule that a judicial sale devests all liens definite and certain in their amount, and we see nothing in the circumstances stated by the auditor to make this an exception. This principle, therefore, rules the present case. If, however, this was a contest between the owner of the ground rent and the commissioners as to the appropriation of the proceeds of the first sale, other considerations would enter into the question. In that case there would be some reason to ask an award of the money in court to the latter, although posterior in point of time; because all such improvements enure as well to the benefit of the owners of the ground rent as to tenant in fee. It would, therefore, seem equitable to give it to the latter in preference to the former. It must be observed, however, that the point does not arise, and to prevent mistake we wish it to be understood that the decision is made on the Act of the 3d March 1818. Moreover, had the claim been filed on record, it would present a different case; for it is a point well worthy the attention of the holders of this species of property, whether the subsequent Act of the 16th April 1840 has not introduced an essential change in the effect of judicial sales so far as the lien creditors mentioned in that Act are concerned. For be it remarked, the words peculiar to that Act, "that the lien shall remain until the claim is fully paid and satisfied," have not received judicial construction. I also do not think it out of place to observe, that it may save future difficulty for ground landlords to examine to what extent their interest may be affected by a judicial sale in pursuance of the provisions of the Act of 1840 for a lien created by reason of expenses incurred in pitching, curbing, paving, &c. under that Act and the Act of 1818. If, as there is some colour at least for supposing, the lien covers the whole interest carved out of the estate, whether belonging to the ground landlord or the tenant in fee, it will be well for them to inquire, with a view to the protection of their rights, whether such a sale does not pass the whole estate. Or in other words, the question will be, under such a state of facts, whether the property does not pass to the sheriff's vendee, devested of all interest in the premises by the ground landlord. We cannot avoid seeing that it is a different question from the principle decided in *Auwerter* v. *Mathiot*, and similar cases. It may perhaps, on investigation, be found to resemble much more a judicial sale of unseated land for payment of

taxes, which passes the fee unincumbered to the sheriff's vendee. We do not wish to be understood as expressing any opinion on any of the points indicated. The design merely is to direct the attention to these questions, of a numerous class of our citizens whose interests are deeply involved in their investigation and proper adjudication.

Decree affirmed.