## Pancoast's Appeal.

Ground-rent created by deed with a clause of re-entry is payable out of the proceeds of a sheriff's sale of the property under a judgment by a stranger in preference to such judgment.

THIS was an appeal by Pancoast and Snyder, judgment creditors of T. J. Willits, from the decree of the District Court for the city and county of *Philadelphia,* allowing B. Tevis and others arrears of ground-rent and interest out of the proceeds of the sheriff's sale of certain real estate under a judgment of the Western Bank against Willits. The property consisted of five distinct pieces, each of which was subject to a ground-rent, and they were set up and sold subject to the same respectively. The ground-rents were all created by ordinary ground-rent deeds, with the usual covenants and clauses of distress, re-entry, &c.

*J. A. Phillips,* for the appellants, referred to *Bantleon* v. *Smith,* (2 *Binn.* 148); *Sands* v. *Smith,* (3 *Watts & Serg.* 9).

*Hood* and *Meredith,* contra, referred to *Cruise's Dig. ch.* 1, *sec.* 1, 6; *Walton* v. *West,* (4 *Whart.* 221); *Ingersoll* v. *Sergeant,* (1 *Whart.* 347); *Reed* v. *Reed,* (1 *Watts & Serg.* 239); *Brown* v. *Johnson,* (4 *Rawle* 146); *Gordon* v. *Correy,* (5 *Binn.* 552); *Torr's Estate,* (2 *Rawle* 252); 1 *Miles* 291; *Buck* v. *Fisher,* (4 *Whart.* 516).

PER CURIAM.—A design to impair the authority of *Bantleon* v. *Smith* by what was said in *Sands* v. *Smith,* was studiously disclaimed. The principle of that case was treated as a rule of property not to be disturbed in cases of the same stamp; but it was thought not to be so conclusively founded in legal reason as to be a rule for cases in which the premises were not debtor for the rent. As there was no condition of re-entry in *Sands* v. *Smith,* the landlord's immediate recourse was to the person or chattels of the tenant, as in the case of a tenancy for years. Here there is a clause of re-entry, as there was in *Bantleon* v. *Smith ;* and as the

[Pancoast's Appeal.]

tenant's estate was immediately liable to make satisfaction, what matters it whether it has been sold on a judgment recovered by a stranger, or on a judgment recovered by the landlord on the covenant in his ground-rent deed? The landlord had a lien on the estate of the tenant, and he may have recourse to its substitute brought into court, however the conversion into money may have been effected.

*Decree affirmed.*