## Craven *against* Bleakney.

The maintenance and support of a widow charged upon and payable out of the real estate of a testator devised to his son, can not be enforced by an action of ejectment against the son or his alienee; the remedy is peculiarly within the jurisdiction of the orphans' court.

ERROR to a special court of common pleas of *Indiana* county.

Mary Bleakney against James Craven. Ejectment. Furgus Bleakney, the husband of the plaintiff, died seised of the land in dispute, having first made his last will and testament, by which he devised the land as follows:

"In the name of God, amen, &c. I, Furgus Bleakney, considering the uncertainty of this mortal life, and being of sound and perfect mind and memory, blessed be Almighty God for the same, do make and publish this my last will and testament, in the manner and form following, that is to say: The farm that I now live on shall be disposed of as follows: first, that my beloved wife, Mary Bleakney, shall have a good and comfortable living, as long as she remains my widow, of the said farm; and I will and bequeath unto her the mare that she claims, and her choice out of one of all my cows, and the sheep that belongs to her. Secondly, that my daughter, Margaret Bleakney, shall have her maintenance of said farm so long as she remains single, or till she arrives at the age of twenty-one years; and I also direct that she is to have forty dollars from William Bleakney, to be paid one year after my wife's death or marriage. I will and bequeath to my son, William Bleakney, as follows: that he shall have my farm upon the following conditions: that he shall maintain my wife and daughter as above directed, and pay the other legatees the sums that I direct them to have at

the time mentioned; and further I bequeath to him all my personal property that is not otherwise disposed of in this will, except the household furniture, which is to be my wife's; and I order and direct that he shall pay all my just debts out of the same.   I will and bequeath to my daughter, Jane Craven, forty dollars, to be paid one year after my wife's death or marriage.   I will and bequeath to my daughter, Ann White, forty dollars, to be paid at the time above mentioned.   And further, I will and bequeath to my sons, Samuel Bleakney and Furgus Bleakney, forty dollars, each to be paid as above directed.   And further, I constitute and appoint James Craven and David White, my sons-in-law, executors, to execute the above will and testament as above directed."

The widow, upon the allegation that she had been treated badly by the defendant, who was the alienee of the devisee, brought this ejectment to enforce her claim under the will.

The president of the special court directed the jury that the plaintiff might recover a special verdict in this action, such as would enforce the claim of the plaintiff under her husband's will.

The jury found a verdict for the plaintiff, to be released on the payment of thirty dollars within thirty days, and the payment of twenty dollars annually, during the life or widowhood, to the plaintiff, to commence the 29th of June 1840.

*Buffington*, for plaintiff in error, cited Gause *v.* Wylie, 4 *Serg. & Rawle; 3 Watts* 245; *Stroud's Purd.* 399, tit. Legacy.

*Banks*, contra, cited 3 *Serg. & Rawle* 359; 7 *Watts* 144; 3 *Watts* 240.

The opinion of the Court was delivered by

ROGERS, J.—As the maintenance of the widow and daughter is "charged upon" and "payable out of" the estate devised, the remedy is in the orphans' court, and not by ejectment, as is ruled in Donner *v.* Donner, decided at this term and not yet reported. Bear *v.* Whisler, 7 *Watts* 144, arises on a deed and not on a will, and in that respect is distinguishable from this.   This is a case peculiarly fitted for equitable cognizance.   The testator directs "that his widow shall have a good and comfortable living, as long as she remains his widow, *of* (from) the farm."   He devises the farm to his son William, upon "condition that he shall maintain his wife and daughter, and pay the other legatees the sum which he directs they should have."   It would be almost impracticable for a court of common law to do complete justice, in such cases, between parties; but this desirable end may be attained through the medium of the orphans' court, which has the same power in the premises as a court of chancery.   The doubt here, is, whether the widow is obliged to *reside* on the land, if she wishes the benefit of the bequest.   It would be better for all parties that she should

[Craven v. Bleakney.]

reside on the farm, provided her doing so was consistent with the intention of the testator, which was to secure to her a permanent home, and a comfortable subsistence. But it is not to be supposed that he designed that she should continue to reside on the property at the sacrifice of every comfort of life. It is true, that no decided acts of cruelty have been proved, nor is this necessary; for the situation of a person may be rendered, by petty annoyances, as uncomfortable, as by acts of open outrage, and these of such a nature, as it is difficult for a third person to appreciate, and which may not be susceptible of legal proof. Why then compel a widow, or unmarried sister, to live at the mercy of the caprice, or ill temper of a brother, or his assignee. If this principle should be established, there would be little difficulty to rid themselves of the burthen of providing for them altogether. These family arrangements are frequently made by parents anxious in their last moments to provide, as far as human prudence can, a comfortable support, for their widows, and unmarried daughters; and extreme caution should be observed to avoid giving bequests such a construction, as may afford a temptation to abuse. It seems to be conceded that the devisee cannot be compelled to maintain the beneficiary on the farm itself, and why should not the right of choice be reciprocal? It is a matter which admits of compensation in money, and the amount of the allowances must depend on all the circumstances of the case. Each case must furnish its own rule, and hence the peculiar propriety of referring this class of cases to the orphans' court. And this accords with Warthoff *v.* Draconet, 3 *Watts* 245, where these principles were incidentally noticed. Here the intention of the testator was to pledge the farm devised to his son, to secure, as he expresses it, "a good and comfortable living and maintenance, for his widow and daughter."

Judgment reversed.