### ✝ Mohler's Appeal.

Where an annuity is charged on land devised, the alienee of the devisee becomes personally liable for the arrears accruing during the continuance of his estate; and the Orphans' Court have jurisdiction to decree the payment thereof, and of the lands charged, if they are deficient, and of the personal estate of the alienee.

Appeal from the Orphans' Court of Lancaster county.

*May* 9. The petition of Catherine Mohler set forth a devise of certain lands by H. Mohler to his son John at a certain valuation, 500*l.* of which he directed should remain on the real estate of his son during the life of his widow the petitioner, to whom the interest thereof should be annually paid, and after her death the principal among testator's children. That the testator subsequently sold part of the land to his son, so that on his death but two pieces of land passed under the will charged with the annuity. That John Mohler the devisee had accepted the devise, and conveyed the land to Frey the defendant. That they had paid certain sums on account of the annuity, but that there were large arrearages due while he held the land, and that John Mohler the devisee had died insolvent, and no administration had been granted. The prayer was for general relief.

A supplemental petition was filed against the administrators, the heirs of Frey, who had died since the filing of the original petition.

The answer set up was that when Frey purchased the land there was no special contract made respecting this annuity. That the petitioner had recovered two judgments *de terris* in the District Court, in actions against Frey, brought for the arrearages sought to be recovered. Under these, parts of the land had been sold and the proceeds were paid into court; and they denied that the estate of Frey was responsible for the arrearages, but they were exclusively chargeable on the particular tract.

The petitioner gave some evidence that when Frey purchased the land, 500*l.* was deducted from the purchase-money and retained

by him; that he had paid the annuity for some years; and it was proved the land would not sell for the amount of the arrearages of the annuity.

On the hearing, the court below said they were willing to make a decree for payment of the legacy out of the land (which the petitioner declined), but were of opinion they had no authority to make a personal decree against Frey.

*Frazer* and *Penrose*, for appellant.—That the devisee was personally liable by acceptance is not disputable, and that his assignee taking the profits is also liable is settled: Long *v.* Long, 1 W. 267; Duppa *v.* Mayo, 1 Saund. 282; Hirst *v.* Rodney, 1 W. C. C. R. 37; 1 Br. 221. His actual possession is immaterial: Weidner *v.* Foster, 2 Pa. R. 26; 3 W. & S. 531. The remedy was formerly against the land or the profits. But it is now held that the remedy in the Orphans' Court has avoided the remedy by ejectment, and as the proceedings there are analogous to those in a court of equity, the present remedy is the proper one.

*Stevens* and *Champneys*, contrà.—Where a court of law has jurisdiction, and has exercised it, courts of equity do not interfere, nor will they aid the party who has selected his jurisdiction: 1 Stor. Eq. 559. Here there has been a prior judgment at law for the same cause. After this the petitioner cannot commence a new proceeding for the purpose of adding a personal liability after obtaining a judgment which binds the realty for the same cause: Cooke *v.* Graul, 1 Paig. 407; Hammond *v.* Washington, 17 Pet. 10.

*May* 18. ROGERS, J. (after stating the case.)—Instead of dismissing the petition, we apprehend it would have been the more correct course (as there was a general prayer for relief) to ascertain the amount due, and order the same to be paid out of the real estate. But this is immaterial as the case stands, for this court have the power to make the same decree the Orphans' Court ought to have made.

I do not understand the Orphans' Court as ruling that the petitioner is not entitled to recover from the assignee or alienee the arrears of the annuity due the widow, while he had the actual possession of the land, or to deny that he was personally liable. But they held that the remedy in the Orphans' Court under the act of the 24th Feb., 1834, is a proceeding *in rem* against the land, the money to be levied out of the real estate charged, that being the

only part out of which the legacy is payable. They are of opinion that the petitioner, under the general prayer for relief, is not entitled to a decree fixing the alienee personally with the debt. If this be so, it must be admitted her situation is to be regretted, as she has a right without a remedy, contrary to a rule which courts of justice never lose sight of, that when the law confers a right it affords a remedy. The right, as has been repeatedly held, being clearly established, it belongs to the courts to adopt a suitable remedy : 3 Br. C. 123 ; 1 Salk. 21 ; 1 East, 226 ; 1 Chit. Pl. 83. In this view of the case, the first question is, has she a right to demand from the alienee the arrears of the annuity accruing during the time he was in the actual receipt of the rents, issues, and profits—is he personally liable for its payment ? It is part of the case that he is in arrears, and that he received the rents, issues, and profits. This being put beyond dispute, it follows that he is personally liable. This we think clear on principle and authority. That the devisee of land charged with legacies is personally liable, is ruled in Lobach's case, 6 W. 240; Glen *v.* Fisher, 6 Johns. C. R. 33; and in the recent case of Hoover *v.* Hoover, 5 Barr, 351. Judge Bell, who delivered the opinion of the court, has entered so fully into the question, that any further remarks would be supererogatory. And the same rule applies to alienees. They are liable from privity of estate during the time they continue to occupy the premises charged with the payment of the legacy. That the legatee or annuitant has a personal remedy against the alienee during the time he is in possession and receives the profits, is ruled in Duppa *v.* Mayo, 1 Saund. 282; and Long *v.* Long, 1 W. 267. Mr. Justice Kennedy says, that when an annuity or rent is charged on land of the testator by his will after his death, an action of *debt* will lie in favour of the legatee to recover it as often as it shall be in arrear, and enforced against those who have succeeded to the possession of the lands, and have become the pernors of the profits. For these positions he cites 1 Saund. 282. There the action was debt, and the judgment a personal judgment, and not *de terris.* The liability of the pernor of the profits, as that learned and correct judge truly observes, does not arise *ex contractu,* but is cast upon them by their acts and conduct in taking possession of the land, and receiving the profits, the land being the fund appropriated by the testator in his will for the payment of the annuity or rent. (Vide Taft *v.* Morse, 4 Metcalf, 523, to the same effect.) And this is perfectly just; because he takes the land *cum onere,* receives the profits with full notice of the charge and the

nature of it, and because he can escape further liability by transfer of the land; for as his liability arises from privity of estate, he remains charged only while he continues the owner. But in this case, the alienee is personally answerable on another and distinct ground. He retained the 500*l.* as part of the purchase-money, and as the testimony shows, promised to pay the annuity, and in truth complied with his contract for several years, but afterwards, for some reason which does not appear, suffered it to fall in arrears. 8 W. & S. 391; 9 W. 490.

This right being established, we must next inquire as to the remedy, for where there is a right we are bound to afford the party adequate relief; and in this state, where we have no courts of chancery, this must be either in the common law courts or through the medium of the Orphans' Court. And that the latter is the only court which has jurisdiction in the case of legacies charged on land, since the passage of the act of 24th February, 1834, has been repeatedly ruled. By that act it is provided, that when a legacy is charged upon and payable out of real estate, it shall be lawful for the legatee to apply by bill or petition to the Orphans' Court; and whereupon the court having caused due notice to be given to the executor and to the devisees or heir of the real estate charged with such legacy, and to such other persons interested in the estate, as justice may require, may proceed according to equity to make such decree or order touching the payment of the legacy out of the real estate, as may be requisite and just. Under that act it is ruled, that the remedy is not only in the Orphans' Court, but, for reasons which it is needless to repeat, they have exclusive jurisdiction. Thus, in Downer *v.* Downer, 9 W. 60, it is ruled that since the passage of that act the remedy by ejectment, heretofore used to recover a legacy charged on land, is taken away, and that the only remedy is in the Orphans' Court. The same point is decided in Craven *v.* Bleakney, 9 W. 19, and in Read *v.* Read, and in the recent case of Strickler *v.* Sheaffer, 5 Barr, 240. The point, therefore, is now settled, that the remedy to recover a testamentary charge on land is exclusively in the Orphans' Court. Nor is the remedy confined to the proceeding against the executor, the heir, or devisees, but extends to an alienee, who is clearly embraced in that portion of the act which directs notice to be served on such other persons as may be interested in the estate. Notice is required to be given to them, in order to afford them an opportunity to defend *pro interesse suo*. But the party aggrieved is not only entitled to a remedy, but an adequate remedy; a remedy commen-

surate with the injury he has sustained. For this purpose, the power of the court is most ample. In Craven v. Bleakney, the court say that it is almost impossible for a court of common law to do justice in many cases of charges on land, and that this can only be effected through the Orphans' Court, which has the same power in the premises as a court of chancery. And in Downer v. Downer, 9 W. 60, the court say that the act of 1834 is a remedial act; that it would impair its usefulness to give it a narrow construction. The act provides for calling all parties in interest before the court, who have power to do all a court of chancery could do, and under their plastic hands to administer justice in the most complete and ample manner.

Now unless the court decrees payment by the alienee, and makes him personally liable for the amount due, it is clear the petitioner is without remedy; for it is a mockery to decree payment in the manner proposed by the Orphans' Court, when it clearly appears that a sufficient sum cannot be raised for that purpose by sale of the lands charged. This would be a result peculiarly unjust in this case, as this state of things has been produced by his unwarrantable refusal to pay in due and proper time a debt for which he was unquestionably liable. It would enable him to benefit himself by his own wrong. The act gives the Orphans' Court authority to proceed according to equity, to make such decree or order touching the payment out of such real estate as may be requisite and just. If we construe the clause according to its letter, there is plausibility in the construction of the Orphans' Court; but this narrow construction would be contrary to the whole scope of this remedial act, the evident design of which is, to give to that court every power in relation to the premises, which a court of equity would have. The Orphans' Court are bound to make such a decree as may be requisite and just. The words of the act are satisfied by a decree ordering the money to be made by sale of the lands charged in the first instance; its spirit, by a decree ordering that in case that should be proved insufficient, the residue to be raised personally from the alienee or his personal representative. In this form only can justice be done to all the parties; and this view of the law, we think, carries out the intention of the legislature.

The law having vested exclusive jurisdiction in the Orphans' Court, they have jurisdiction over the subject-matter, and it becomes necessary, to prevent a failure of justice, to decide that the legislature did not intend by the phrase, " out of such real estate,"

to designate the part out of which alone the legacy was to be paid. The cases cited show that the party aggrieved has the same remedy in the Orphans' Court as a court of equity; and that the petition would be relieved in equity is very clear from the following authorities: 1 Ven. 165; 2 Ven. 421; City of London v. Richmond, 2 Atk.; Philpot v. Hoar, 506. In the case of Barns v. Dixon, 1 Vesey, sen. 41, Lord Hardwick, on a will to pay legacies out of the profits of the estate, decreed the payment as the yearly rents should arise. The Court of Chancery have fully recognised the principle that the pernor of the profits is personally liable. They have uniformly decreed accordingly, as appears by the cases cited—Taft v. Morse, 4 Metcalf, 523.

It is alleged that judgment has been had for the arrears of rent, now claimed, at least in part, de terris, that this is a bar to a proceeding to charge the alienee personally. If the land was of value to levy the money by sale, there would be no necessity for this proceeding. But as it is notoriously otherwise, the parties are compelled to invoke the aid of the Orphans' Court. A judgment in rem, without satisfaction, is no bar. The remedies are cumulative, even if an action lies at common law. In Bantleon v. Smith, 2 Bin. 152, it is ruled, that a judgment without satisfaction works no extinguishment of rent. The landlord has concurrent remedies, which he has a right to pursue until he obtains actual satisfaction. In Snyder v. Kunkleman, 2 W. 426, the same point is decided. In that case, it is ruled, that taking a note by a landlord from the tenant for the amount of the rent due, does not take away the right of distress. And that a lessor who has recovered a judgment in an action upon a covenant to pay rent, may, notwithstanding, distrain for the same rent. In Gordon v. Curry, 5 Bin. 552, it is ruled, that a ground landlord does not lose his lien for the rent due, by taking a bond and warrant of attorney for the arrears and entering up the judgment. The result of the cases is, that it is not the judgment but actual satisfaction, which works the extinguishment of the debt, or the remedies to enforce it. The cases cited are analogous to this case, and in our opinion rule the point in favour of the petition.

> The decree directed payment by the administrators of Frey of the arrearages of the annuity, to be levied in the first instance out of the land charged with the annuity, a sale of which was ordered, residue out of the assets, &c., of Frey.