## Pierce, Administrator, &c., *versus* Livingston, Administrator, &c.

1. Under Act of February 24th 1834, sect. 59 (Legacies charged on Land), the jurisdiction of the Orphans' Court is exclusive.

2. Testator devised real estate to a son, "with the exceptions and conditions hereafter mentioned." He gave some legacies and directed "that there remain in the hands of my executors to be paid by my son $1250 over and above the legacies, the interest * * * to be paid to my wife during her life; should my wife need any of the principal for her support she is to have it;" if any of the $1250 should remain it was to be divided amongst his children. He appointed the son sole executor. The son died, the mother living. *Held*, that the $1250 was a charge on the real estate, and that an action by the administrator d. b. n. of the testator for its recovery could not be maintained in the Common Pleas.

3. The design of the Act of 1834 was to vest in the Orphans' Court the large powers of a court of equity.

4. When a judgment is entered in the court below on a reserved point it should always be accompanied with a written opinion.

November — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1875, No 117.

This was an action brought February 26th 1874, by William Livingston, administrator, *d. b. n. c. t. a.*, of George Sickman, Sr., deceased, against Joseph Peirce, administrator, &c., of George Sickman, Jr., deceased.

The question in the case arose under the will of George Sickman, Sr., who died in 1852; the will was proved February 7th 1852; and on the same day letters testamentary were granted to George Sickman, Jr., the sole executor named in it.

He bequeathed a number of chattels to his wife and children, and directed that the remainder of his personal property pass, one-third to his wife, and the remaining two-thirds amongst all his children.

The will then proceeds :—

"My real estate I devise as follows : to my son, George Sickman, his heirs and assigns, I will all my real estate, with the exceptions and on the conditions hereafter mentioned; I will that he pay to my daughter Susannah or her issue $575." Then follow a number of legacies of the same amounts to other daughters and to his sons of $250 each, with directions that each daughter shall receive $175 in rotation at times named, "until each of my daughters shall have received $575 out of real estate. To my sons I will as follows : one year after my daughters shall each have received $575, Jonathan to receive $250," followed by directions as to payments to the other sons. The will proceeds :—

"I will that there remain in the hands of my executors, to be paid by my son, George Sickman, Jr., the sum of $1250 over and

[Pierce *v.* Livingston.]

above the above legacies, the interest on which is to commence at the time of my decease, at the rate of four per cent. annually, and to be paid to my wife Susannah, half-yearly, during her natural life. Should my wife Susannah need any of the principal of the above $1250 for her support, she is to have it. Should my wife Susannah get married, she is to get none of the principal, only the interest. Should the $1250, or any part thereof, remain at the death of my wife Susannah, I will that it be equally divided amongst my sons and daughters, but that my son George will not be required to pay any part of the above $1250, or interest on the same, until he has first paid off the legacies before mentioned. * * * The $1250 left in my executors' hands, the interest of which at the rate of four per cent. is to be paid to my wife, should any of it remain at her death, to be distributed as before mentioned; but the payments not to commence until one year after the other legacies are paid, in one year after the death of my wife. * * * The annuity my son George is to pay to my wife to cease at her death. * * * Should any of the $1250 remain at my wife's death, to be divided as above, to be paid by my son George, one each year, commencing with Samuel, then continue alternately with the boys and girls; and I do hereby constitute and appoint my son, George Sickman, Jr., executor of this my last will and testament."

George Sickman, Jr., died about January 1st 1874, the widow still living, having paid his mother the interest on the $1250 until his death. Administration of his estate was granted to Joseph Pierce, the defendant; administration *d. b. n. c. t. a.* of the estate of George Sickman, Sr., was granted February 6th 1874, to William R. Livingston, the plaintiff. This suit was brought to recover from the estate of George Sickman, Jr., the $1250 held by him to raise the annuity of the widow.

A verdict was rendered for the plaintiff for $1250, subject to the question reserved whether the Court of Common Pleas had jurisdiction in the premises.

On the 27th of March 1875, the court, Stowe, J., without delivering a written opinion, directed judgment on the reserved question to be entered for the plaintiff on the verdict.

This was assigned for error on the removal of the record by the defendant, by writ of error, to the Supreme Court.

*Robb & McClurg* and *Malcom Hay,* for plaintiff in error.— George Sickman, Jr., retained the $1250 in his hands as executor, and therefore held it *virtute officii:* Norris's Appeal, 21 P. F. Smith 106; Siebert's Appeal, Weekly Notes, October 28th 1875. In such case the Orphans' Court has exclusive jurisdiction: Jones's Estate, 3 Casey 336.

The reporter received no paper-book of defendant in error.

[Pierce *v.* Livingston.]

Mr. Justice SHARSWOOD delivered the opinion of the court, January 6th 1876.

This was an action on the case, by the administrator *de bonis non cum testamento annexo* of George Sickman, Sr., against the administrator of George Sickman, Jr., to recover a sum of $1250, directed by the will of George Sickman, Sr., to be paid by his son and devisee of his real estate, George Sickman, Jr., to his executor in trust, for certain purposes. The plaintiff below claimed to recover this sum of money, as the representative and successor of the executor of George Sickman, Sr., to whom it was to be paid. The only question on the record is upon the reserved point, whether the court below had jurisdiction of the action.

The sum of money, or legacy, in question is not only charged upon the real estate devised to George Sickman, Jr., but it is exclusively charged upon it. It is the only fund of the testator out of which it could be paid. He first, after a few small personal legacies, bequeathed all the balance of his personal property, one-third to his wife, and the remaining two-thirds to be equally divided amongst his children. He then devised all his real estate to his son, George Sickman, Jr., upon the express condition that he should pay certain sums to his children, in a certain order, and at prescribed times. He then provides: "I will that there remain in the hands of my executors, to be paid by my son, George Sickman, Jr., the sum of $1250 over and above the above legacies, the interest on which is to commence at the time of my decease, at the rate of four per cent. annually, and to be paid to my wife Susannah, yearly, during her natural life."

By the 59th section of the Act of February 24th 1834, Pamph. L. 84, it is provided, that "when a legacy is or shall be hereafter charged upon, or payable out of, real estate, it shall be lawful for the legatee to apply, by bill or petition, to the Orphans' Court having jurisdiction of the accounts of the executor of the will by which such legacy was bequeathed; whereupon such court having caused due notice to be given to such executor, and to the devisee, or heir, as the case may be, of the real estate charged with such legacy, and to such other persons interested in the estate as justice may require, may proceed, according to equity, to make such decree or order touching the payment of the legacy out of such real estate as may be requisite and just."

It is very well settled that the jurisdiction of the Orphans' Court under this section of the act is exclusive: Craven *v.* Bleakney, 9 Watts 19; Downer *v.* Downer, Ibid. 60; Strickler *v.* Sheaffer, 5 Barr 240; Harner *v.* Hasbrouck, 5 Wright 183; Burt *v.* Herron's Executors, 16 P. F. Smith 400. It may be that when there is a primary fund of personal property for the payment of the legacy, and the charge on the real estate is secondary and

[Pierce *v.* Livingston.]

ancillary, an action under the 50th section óf the Act of February 24th 1834, Pamph. L. 82, against the executor, may be maintained for the recovery of such legacy out of the personal assets of the testator: Breden *v.* Gilliland, 17 P. F. Smith 34. But in the case before us the legacy or sum of money directed to be paid was charged exclusively on the real estate. A judgment against the administrator of George Sickman, Jr., must have been levied of the real estate devised. That was the only part of the property of George Sickman, Sr., that could have been made available. It is clear that if this action is sustained, the jurisdiction of the Orphans' Court will be taken away by indirection. Thus the beneficial design of the statute, which was to vest in the Orphans' Court the large powers of a court of equity in all such cases, would be entirely disappointed.

We must repeat, what has been said more than once already, that where there is a judgment in the court below upon a reserved point, it ought always to be accompanied with a written opinion.

Judgment reversed. And now, judgment for the defendant below upon the reserved point.