## Daniel Walker, Appellant, *v.* Gibson et al.

*Will—Charge on land—Estate—Widow—Ejectment.*

Testator directed as follows: "I give and bequeath to my son, W. H. Gibson, one hundred and fifty acres of land on which he now resides, during his natural life, and if Elizabeth, his wife, survives him, she is to be maintained out of the products of said land so long as she remains his widow; and it is my will that at the decease of my son, W. H., that the above described land be the property of my grandson, Addison B. Gibson, subject to maintenance of Elizabeth Gibson, as aforesaid." After the son's death, the interest of the grandson in the land was sold by the sheriff. *Held,* that the grantee of the purchaser at the sheriff's sale had the right to maintain ejectment for the land against the widow of testator's son.

As the gift to the widow was not an absolute gift of the "products," but of maintenance "out of the products," she was entitled merely to a charge upon the land in her favor, and not to an interest in the land which would give her the right of possession.

Argued Oct. 16, 1894. Appeal, No. 228, Oct. T., 1894, by plaintiff, from judgment of C. P. Butler Co., Sept. T., 1892, No. 62, for defendants, non obstante veredicto. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Ejectment. Before GREER, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff. The court subsequently entered judgment non obstante veredicto for defendants.

*Error assigned* was entry of judgment.

*John M. Thompson* and *R. P. Scott, W. C. Thompson* with him, for appellant.—The bequest is not of the income of the land, but that the widow be maintained out of its product. The intent to dispose of land is not usually manifested by disposing of the rents, income and use only: France's Est., 75 Pa. 224; Gibson's Est., 25 Pa. 191; Craven v. Bleakney, 9 Watts, 19; Painter v. Henderson, 7 Pa. 48.

Until assignment of dowry, in cases of intestacy, the widow cannot be ejected by the heir: Gourly v. Kinly, 66 Pa. 27.

Nor can she join the heir in ejectment, nor herself bring ejectment for the land of which her husband died seized: Pringle v. Gaw, 5 S. & R. 536; Bratton v. Mitchell, 7 Watts, 113.

*J. M. Galbreath* and *S. F. Bowser, J. B. McJunkin* with them, for appellee.—Mrs. Gibson took an estate in the land: Carlyle v. Cannon, 3 Rawle, 488; Drusadow v. Wilde, 63 Pa. 170; Anderson v. Greble, 1 Ash. 138; Kline's Ap., 117 Pa. 147; Wilson v. McKeehan, 53 Pa. 80; McFarland's Ap., 37 Pa. 300; Parker's Ap., 61 Pa. 478; Thomas v. Simpson, 3 Pa. 60; Craft v. Snook, 13 N. J. Eq. 121; Craven v. Bleakney, 9 Watts, 19; Gourley v. Kinley, 66 Pa. 275.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 29, 1894:

Both parties claim under Hugh Gibson who died seized of the land in controversy in 1870, having first made his last will wherein he devised the same as follows:

" I give and bequeath to my son W. H. Gibson one hundred and fifty acres of land on which he now resides, during his natural life, and if Elizabeth, his wife, survives him, she is to be maintained out of the products of said land so long as she remains his widow; and it is my will that, at the decease of my son, Wm. H., that the above described land be the property of my grandson, Addison B. Gibson, subject to the maintenance of Elizabeth Gibson, as aforesaid."

After William H. Gibson's death, the interest of his son Addison in the land was sold and conveyed by the sheriff to John Y. Foster, who afterwards conveyed the same to the plaintiff. Defendants' contention is that, under the devise above quoted, the right of possession is in said Elizabeth Gibson. The case thus hinges on the construction of said devise.

It may be conceded that, had there been an absolute gift of the " products," Elizabeth Gibson would have taken an estate in the land devised by Hugh Gibson. The gift was, however, not of the " products " as such, but of maintenance " out of the products " during her widowhood. The direction that she "shall be maintained out of the products " implies service by some one else than herself; and the explanation of this is furnished by the following clause. The land itself is devised to A. B. Gibson subject to her maintenance " as aforesaid." Her husband W.

H. Gibson had had the right of possession for life; and at his—not her—decease, the land was to be—not hers—but "the property of . . . . Addison B. Gibson." The devise to A. B. Gibson was of an estate in remainder dependent on the particular estate of W. H. Gibson, and subject to the duty of maintaining his mother. The son was intended to succeed to the father in title. His right of property and duty of maintenance implied a right of possession which was intended to begin with his mother's widowhood and right of maintenance. The land was pointed out as the source of maintenance, but Mrs. Gibson was by necessary implication excluded from any title in its products as such, and therefore from possession. The object was simply to secure her a comfortable support after her husband's had been taken away, and it was accordingly charged on the land. The title being in the plaintiff, ejectment was his appropriate remedy, and she had no status to defend her possession or that of her co-defendants. W. H. Gibson living, and maintaining her, she did not even have a right of maintenance out of the "products" of the land; for the event upon which that was to begin had not yet happened and there was no reason for acceleration. But if she had, she had no equities she could work out through an action which is always predicated of title in land; and such title, as we have seen, she does not have. It is made the plaintiff's duty to maintain her after her husband's death "out of the products" of the land; but he cannot fulfill this duty without possession. There is no reason to say that he will fail; for he has not been tried. In any event the land is her surety; but her remedy will be that of a creditor in case of default. The widow's remedy in case of intestacy before assignment of dower furnishes no analogy here. She has an estate in the land and a right of possession in common with the heirs; while Mrs. Gibson's right of maintenance is but a charge on the land and her remedy is exclusively in the orphans' court: Craven v. Bleakney, 9 Watts, 19; Pierce v. Livingston, 80 Pa. 99; Brotzman's Ap., 119 Pa. 645.

It follows, therefore, that the learned court erred in entering judgment for defendants, on the question of law reserved, non obstante veredicto.

Judgment reversed, and judgment is now entered on the verdict in favor of the plaintiff and against the defendants, subject to the charge aforesaid in favor of Elizabeth Gibson.