## Henderson's Estate.

*R. A. Henderson,* for petitioners; *George M. Meyers,* for respondents.

PATTERSON, P. J., July 31, 1928.—Samuel Henderson, late of the Borough of Bellwood, Blair County, Pennsylvania, died testate on Sept. 21, 1903, and by his last will and testament, duly probated, devised, in the third paragraph

of said will, a certain tract of real estate in Antis Township to his son, William J. Henderson, and his wife, Laura J. Henderson. And by the fourth paragraph of said will, the testator devised to Alfred J. Henderson, another son, a certain tract of land adjoining the tract devised to William J. Henderson and wife, provided, however, that the said William J. Henderson should have the "right to the use of the barn and other out-buildings to shelter his stock and crops until such time as he can erect buildings on his own land, and also one-third ($\frac{1}{3}$) of the fruit on Alfred's land until such time as he can raise fruit trees on his own land. And Alfred J. Henderson shall pay to William J. Henderson the sum of $500.00 toward the erecting of a barn and other buildings, at the rate of $100 per year, beginning with the first year after my death, and at the death of Alfred J. Henderson, the portion of land bequeathed to him shall go to his children, and if his wife, Nora Henderson, survive him, she shall receive one-third of the crops raised on his part of the farm, during her natural lifetime or so long as she shall remain his widow."

William J. Henderson and Alfred Henderson continued to live on said respective tracts until Alfred's death, which occurred March 31, 1918, and thereafter the said William J. Henderson and the family of Alfred J. Henderson continued the same occupancy of the property until May 3, 1921, when the widow and heirs of Alfred Henderson sold and conveyed the property so devised to Alfred J. Henderson to William S. Turnbaugh and Esther Turnbaugh, his wife, the deeds for same containing the following provision: "Under and subject to the payment of a certain mortgage . . . as well as subject to the charge on said land, given to William Henderson under the provisions of the will of Samuel Henderson, deceased." And the occupancy of said respective properties continued thereafter to the date of the filing of this petition, which is for rule to satisfy the lien of record. .

It is admitted that no settlement between William J. Henderson and Alfred J. Henderson was ever made according to the terms and stipulations of the last will of Samuel Henderson, deceased. And it is further admitted that the $500 referred to in said will is, and always has remained, an unpaid and fixed charge upon the land devised to Alfred J. Henderson. It is contended on the part of the petitioners that the said sum of $500 due and owing to William J. Henderson and charged against the land now owned by petitioners is subject to a credit for certain rental charges due and owing by the said William J. Henderson to the estate of the said Alfred J. Henderson, deceased, and the present owners of the Alfred J. Henderson tract of land, for use and occupancy of the barn and other buildings mentioned in said last will.

The rule of law, as laid down by the appellate courts in Pennsylvania, ordinarily does not permit unliquidated claims as a set-off against fixed charges upon land. However, since the rights of the respective parties to this proceeding have their inception in the will of Samuel Henderson and since the immediate parties, namely, William J. Henderson and Alfred J. Henderson, continued to occupy their respective tracts of land for many years after the death of the testator, and since the petitioners became the successors in title to the Alfred J. Henderson tract with knowledge of the unsettled provisions of the will of Samuel Henderson, it seems to be the part of equity to demand that the parties hereto should have a fair and unprejudiced right to establish their claims. The Orphans' Court Act of June 7, 1917, § 9 (k), P. L. 363, provides: "The jurisdiction of the Orphans' Court, whether separate or otherwise, shall extend to and embrace proceedings for the discharge of real estate of decedents from the lien of debts of decedents and for the discharge

of real and personal estates from the liens of legacies, annuities, dower and recognizance and other charges." And in Wingett *v*. Bell, 14 Pa. Superior Ct. 563, it is held, in construing the Act of Feb. 24, 1834, P. L. 70, as follows: "By the terms of the act, all parties interested may be brought into the litigation. This includes the executor of the will and the heirs or devisees, and extends to an alienee who is clearly embraced in that portion of the act which directs notice to be served on such other persons as may be interested in the estate: Mohler's Appeal, *supra*. The rights of all of them may be considered and adjusted. The proceeding is to be 'according to equity.'"

*Decree*.—Now, July 31, 1928, demurrer is, therefore, overruled and respondent allowed fifteen days in which to file his answer to said petition.

From Robert W. Smith, Hollidaysburg, Pa.