## McFarlan's Estate

*Joseph C. McKeone*, for petitioner.
*L. K. W. Deininger*, for respondent.

HARVEY, J., October 27, 1937.—By the citation here awarded, C. Wallace McFarlan, administrator of the estate of Benjamin M. McFarlan, deceased, seeks the decree of this court ordering payment by Wilmer M. Young, alienee of land, of interest accrued and unpaid upon a

principal sum charged by the will of Richard B. McFarlan, deceased, on the said land, and, in case he fail to pay the same, ordering the sale of his personal property for the payment thereof; and the sale of said land for the payment thereof, in the event there be insufficient of his personal property to pay the same.

The answer of said Young filed to the petition raises not only the question of the personal liability of Young for the payment of said interest but the right to enforce that personal liability by sale of his personal property in satisfaction thereof.

The matter was heard after argument upon the petition and answer, and the undisputed facts thus appearing are as follows:

Richard B. McFarlan, late of the Township of East Brandywine, Chester County, died January 20, 1889, leaving a last will duly probated and upon which letters testamentary were granted by the register of wills of this county. His will provided, inter alia:

"Item. I give and bequeath unto my son James Winfield McFarlan my farm 'The Homestead' subject to a dower of $3000.00 on which an interest of 5%, $150.00 shall be paid annually on the 1st. day of April of each year to my son Benjamin M. McFarlan during his lifetime and at the decease of my son Benjamin M. McFarlan the principal to be paid to his children or their heirs or legal representatives share and share alike".

Benjamin M. McFarlan died on August 3, 1937, and letters of administration upon his estate were duly granted to C. Wallace McFarlan, petitioner.

Upon the death of James Winfield McFarlan sometime prior to March 28, 1899, the said land was conveyed by deeds of successive owners to Wilmer M. Young, who thus acquired title, and is the present owner thereof, by deed dated June 1, 1921.

The interest provided to be paid by the said will has accrued and remains unpaid for the years 1935, 1936, and 1937 to and including August 3d, in the aggregate

amount of $351.23. The said Young has refused payment thereof on demand of C. Wallace McFarlan, administrator of the estate of Benjamin M. McFarlan.

Upon petition of "the children of the said Benjamin M. McFarlan", a citation was directed to the said Young to show cause "why he should not pay the principal sum of $3000.00 and in event of his failure to do so that the said real estate be sold for the payment thereof". To this petition no answer has been filed and the petitioners are entitled to an appropriate decree.

The Act of June 12, 1878, P. L. 205, sec. 1, 21 PS §655, provides:

"That grantee of real estate which is subject to ground rent or bound by mortgage or other incumbrance, shall not be personally liable for the payment of such ground rent, mortgage or other incumbrance, unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance stating that the grant is made on condition of the grantee assuming such personal liability: Provided, That the use of the words 'under and subject to the payment of such ground rent, mortgage or other incumbrance', shall not alone be so construed as to make such grantee personally liable as aforesaid."

This act of assembly applies to the relation between the grantee and the holder of the encumbrance: May's Estate, 218 Pa. 64. The act was considered as applying to a judgment lien: Hutton v. McLaughlin, 1 Pa. Superior Ct. 642; Hazleton National Bank v. Kintz, 24 Pa. Superior Ct. 456; see also dicta, in respect of charge upon land originally created by will, in Hollenberger v. Yaukey, 145 Pa. 179, 186. In Hurst, Admr., v. Spotts, 294 Pa. 221, 226, an action of assumpsit was brought against an alienee to recover the principal sum of a charge similar to the one here involved, but created by deed, and judgment was awarded, limited however: "In view of the Act of June 12, 1878, P. L. 205 . . . against the defendant de terris."

"So far as concerns real estate, 'an encumbrance is every right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance': Batley v. Foerderer, 162 Pa. 460; Howell v. Northampton R. R. Co., 211 Pa. 284": Nimlet's Estate, 299 Pa. 359, 366.

We find no authority, and see no reason, for excluding from the effect of the Act of 1878 the charge on the land here involved, and we hold that there is no personal liability resting upon Wilmer M. Young for the payment of the interest due upon that charge, which may be enforced by sale of his personal property.

Petitioner points to the case of Mohler's Appeal, 8 Pa. 26, to sustain his contention. That case holds there may be a decree under the Act of February 24, 1834, P. L. 70, from which section 25 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, was taken: ". . . ordering the money to be made by sale of the lands charged in the first instance", thus satisfying the words of the act; and "its spirit, by a decree ordering that in case that should be proved insufficient, the residue to be raised personally from the alienee or his personal representative"; but this case was decided in 1848.

Petitioner relies also on the case of Wingett v. Bell, 14 Pa. Superior Ct. 558. It was there held, upon petition for a citation against an alienee of land charged by will with support and maintenance of the widow of testator to show cause why he should not pay to petitioner, executor of the estate of the widow, the amount of the rental value of the mansion house and the amount required for the support and maintenance of the widow, in accordance with the provisions of the will, that the alienee of the devisee, who took the land cum onere, became personally liable for the arrears accruing during the continuance of his estate, "the charge following the land." It is to be noted, however, that the report of this case disclosed no mention or consideration by the court of the Act of 1878, supra; and

further, that the decree affirmed was that respondent pay to petitioner the sum involved: ". . . in full payment for the support and maintenance of the said" widow, "by reason of his being the vendee of land charged with her support and maintenance, as found in the foregoing opinion."

Here we find a decree ordering payment to be made as authorized under the terms of section 59 of the Act of February 24, 1834, supra, and under section 25(a) of the Fiduciaries Act of 1917, supra, but not directing from what property the amount to be paid is to be recovered in the event of failure to pay. In view of the provisions of the Act of 1878, we are of opinion that such moneys would be recoverable only "out of such real estate", as is the express provision of the Act of 1834; or recoverable, since the Fiduciaries Act of 1917, by sale of said real estate, or so much thereof as may be necessary, as is the express provision of that act.

We do not find in Wingett v. Bell, supra, authority to make a decree directing a writ of execution against the personal property of the alienee, in the event of his failure to comply with the order to pay.

In the circumstances of the case at bar, the orphans' court has jurisdiction to enforce payment of the principal and interest thereon accruing during the period Wilmer M. Young owned the land subject to the charge, by decree against him de terris, in accordance with the provisions of section 25(a) of the Fiduciaries Act of 1917, P. L. 447, 490.

Counsel for petitioner has leave to submit a decree ordering respondent to pay to petitioner, within 10 days from the date thereof, the sum of $351.23 interest, on the principal sum of the charge, which accrued during the year 1935, 1936, and 1937 to August 3d; and further ordering that, in case of the failure of respondent to make such payment within said time, a trustee designated in such decree shall make sale of said real estate, or so much thereof as may be necessary, in the manner and form provided by law, for the purpose of payment of said interest

and reasonable costs and expenses of said sale; provided, however, that before petitioner shall be entitled to the benefit of said decree he shall give security in the amount of $500 for the indemnity of respondent in the event of any debt due by testator being recovered, for the payment of which such real estate would be liable, as provided by section 25(c) of the Fiduciaries Act of 1917, as amended.